IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA M. FISK                                                                                                PLAINTIFF

V.                                                    NO. 13-5274

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Joshua M. Fisk, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for SSI on December 27, 2010, alleging inability to work since July 10, 2010, due to schizoaffective disorder and depression. (Tr. 160-165, 170, 174). An administrative hearing was held on May 25, 2012, at which Plaintiff appeared with counsel, and he and his girlfriend and sister testified. (Tr. 56-96).

By written decision dated September 7, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - adjustment disorder and a personality disorder. (Tr. 41). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P,

-1-

Regulation No. 4. (Tr. 42). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform the full range of medium work as defined in 20 CFR 416.967(c) except that he is able to perform only simple tasks with simple instructions and is able to tolerate only incidental contact with the public.

(Tr. 43). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was capable of performing his past relevant work as a sandwich maker in fast food and as a dishwasher. (Tr. 48).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on September 28, 2013. (Tr 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence

exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

There are several issues that concern the Court in this case. The first is the fact that the ALJ utilized reports of another claimant in discussing Plaintiff's physical impairments. (Tr. 41). It was clear to the Court, when reviewing the transcript, that the documents completed by Dr. Wojceich Dulowski related to a totally different person than Plaintiff. Yet, the ALJ apparently did not realize this and used the documents to conclude that those impairments had no more than a minimal effect on Plaintiff's physical or mental ability to do basic work activities and were non-severe.[1]

Of more significant concern is the fact that on July 5, 2012, Plaintiff underwent a Mental Diagnostic and MMPI-2 Evaluation by Richard D. Back, Ph.D., and the ALJ made no mention of this evaluation in his decision. (Tr. 465-471, Ex. 40F). In his evaluation, Dr. Back concluded that: Plaintiff's mental impairments interfered with his day to day adaptive functioning to a **marked** extent; Plaintiff's capacity to communicate and interact in a socially adequate manner was **markedly impaired**; Plaintiff's capacity to communicate in an intelligible and effective manner was moderately impaired in this setting; Plaintiff's capacity to cope with typical mental/cognitive demands of basic work-like tasks would appear to be mildly impaired; Plaintiff's ability to attend and sustain concentration on basic tasks was **markedly impaired**; Plaintiff's capacity to sustain persistence in completing tasks would appear adequate; and Plaintiff's capacity to complete work-like tasks within an acceptable time frame would appear

---

[1] The Court also notes that there is a paragraph in the ALJ's decision that is not a complete sentence, and the Court is not sure what the ALJ was trying to convey. (Tr. 47, second full paragraph).

to be inconsistent. (Tr. 470)(emphasis added). He noted that Plaintiff's response latency and concentration problems would likely interfere with completing projects on time for lack of comprehending the instructions from the outset. (Tr. 470). Clearly, Dr. Back's conclusions are significant to the extent he found Plaintiff was markedly impaired in three different areas. The fact that the ALJ did not address these findings leads the Court to believe that the ALJ may not have considered Dr. Back's findings. This requires the Court to remand the matter to the ALJ for consideration of Dr. Back's findings and for discussion of such in his decision.

Furthermore, Plaintiff's girlfriend and sister testified at the hearing about Plaintiff's mental impairments, and although it appears the ALJ may have considered their testimony (Tr. 43), he failed to discuss what weight, if any, he gave their testimony.

The Court notes that Plaintiff's attorney submitted medical records to the Appeals Council that are dated after the ALJ's decision. The Appeals Council noted that it looked at records from the Community Clinic dated November 30, 2012 through May 10, 2013, and from Ozark Guidance dated February 15, 2013. (Tr. 2). The Appeals Council reported that the ALJ decided his case through September 7, 2012, and that this new information was about a later time. "Therefore, it does not affect the decision about whether you were disabled beginning on or before September 7, 2012." (Tr. 2). The Appeals Council advised Plaintiff that if he wanted them to consider whether he was disabled after September 7, 2012, he needed to apply again, and they returned the evidence to him. (Tr. 2).

Based upon the foregoing, the Court believes this matter should be remanded in order for the ALJ to consider and address Dr. Back's mental evaluation, to explain the weight he gave to Plaintiff's girlfriend and sister's testimony, and to eliminate from consideration the medical

AO72A
(Rev. 8/82)

records that do not relate to the Plaintiff in making his assessments. Thereafter, he should re-evaluate Plaintiff's RFC.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 11th day of December, 2014.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE