IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA M. FISK                                                              PLAINTIFF

V.                                     NO. 13-5274

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration        DEFENDANT

**O R D E R**

Plaintiff, Joshua M. Fisk, appealed the Commissioner's denial of benefits to this Court. On December 11, 2014, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 15). Plaintiff now moves for an award of $7,385.20 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 7.22 hours of work performed before the Court in 2013 and for 32.60 hours of work performed before the Court in 2014, at an hourly rate of $183.00 for 2013 and $186.00 for 2014. (Doc. 16-1). Defendant has filed a response, stating that she does not object to the amount of EAJA fees Plaintiff requests. (Doc. 19).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

-1-

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $183.00 for

2013 and $186.00 for 2014, for a total of 39.82 hours, which she asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI-Urban in support of her requested hourly rate. Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases. The Court finds that the CPI-South index supports an award based upon an hourly rate of $183.00 for 2013 and $186.00 for 2014.[1]  See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged she spent in this matter.

Plaintiff's counsel seeks reimbursement for the following activities:

| Date | Activity | Hours |
|---|---|---|
| 12/2/2013 | E-Mail ECF regarding complaint and IFP; casenote. Email re civil cover sheet | .01 |
| 12/2/2013 | E-Mail ECF regarding complaint and IFP; casenote, Email re complaint | .01 |

---

[1] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI -South) = $182.99/hour-$183.00
2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI -South) = $186.25 hour-$186.00

-3-

Case 5:13-cv-05274-ELW   Document 20   Filed 03/27/15   Page 4 of 5 PageID #: 268

| 12.2.2013 | E-Mail ECF regarding complaint and IFP; casenote, Email re notice of direct assignment to magistrate | .01 |
| 12/2/2013 | E-Mail ECF regarding complaint and IFP; casenote, Email regarding order granting IFP and directing service. Instructions notice to paralegal responsible for service that approved | .01 |
| 12/2/2013 | E-Mail ECF regarding complaint and IFP; casenote, Email regarding summons | .01 |
| 12/2/2013 | E-Mail ECF regarding complaint and IFP; casenote, Email regarding motion IFP filemarked | .01 |
| 12/2/2013 | E-Mail ECF regarding complaint and IFP; casenote, Email re consent to magistrate completed | .01 |
| 2/3/2014 | Service of process. Received green card 70123460 0003 3089 5416; instructions to paralegal regarding Affidavits of Service; memo | .05 |
| 2/5/2014 | Service of process. Received green card 70123460 0003 3089 5409; instructions to paralegal regarding Affidavits of Service; memo | .05 |
| 2/6/2014 | Service of process. Received green card 70123460 0003 3089 5423; instructions to paralegal regarding Affidavits of Service; memo. Later that day reviewed file and confirmed all cards here and ready for AOS. Instructions to paralegal. | .05 |

These items are clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. V. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA). The Court will therefore deduct .07 hours from the 2013 hours and .15 hours from the 2014 hours.

Plaintiff's counsel seeks reimbursement for a total of 18.25 hours for time spent in 2014 reviewing the 487 page transcript and preparing the appeal brief. Plaintiff's counsel is an experienced social security attorney, and reviewing the 487 page transcript and preparing the


AO72A
(Rev. 8/82)

appeal brief should not have taken her more than 14 hours. The Court will therefore deduct 4.25 hours for time spent in 2014.

Plaintiff's counsel seeks reimbursement for 2 hours of time spent preparing the EAJA motion and brief. The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court therefore recommends that 1 hour be deducted from the 2014 hours.

Based upon the foregoing, the Court hereby recommends that Plaintiff's counsel be awarded attorneys fees under the EAJA for 7.15 hours in 2013 (7.22 less .07) at an hourly rate of $183.00; 27.2 hours in 2014 (32.60 less 5.4) at an hourly rate of $186.00, for a **total award of $6,367.65.**

Based upon the holding in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.  The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 27th day of March, 2015.

           */s/ Erin L. Setser*
           HONORABLE ERIN L. SETSER
           UNITED STATES MAGISTRATE JUDGE